**Peter S. MAJAHAD, Plaintiff,**

v.

**Robert B. REICH, Secretary of Labor, Defendant.**

**Civil Action No. 94–10008–GAO.**

United States District Court, D. Massachusetts.

Feb. 15, 1996.

---

Richard H. Spicer, Spicer & Buchcinder, Waltham, MA, for Plaintiff.

John A. Capin, United States Attorney's Office, Assistant U.S. Attorney, Boston, MA, Mary Elizabeth Carmody, United States Attorney's Office, Boston, MA, for Defendant.

## MEMORANDUM AND ORDER

O'TOOLE, District Judge.

The plaintiff Peter S. Majahad was employed as an industrial hygienist in the Boston office of the Occupational Safety and Health Administration ("OSHA"), an agency within the Department of Labor. In this

action, he complains that his termination from employment was the result of unlawful discrimination on the basis of his sex, age, and race. The defendant has moved for summary judgment dismissing the complaint. For the reasons set forth in this memorandum, the motion is granted.

## I. UNDISPUTED FACTS

Majahad, who is white and male, began working at OSHA in July, 1990. His appointment was classified as "career-conditional," meaning that he would be eligible for career-employee status following a probationary period. On March 24, 1991, Majahad was upgraded to a higher pay level, although he remained in a probationary status. On January 17, 1992, three months after Majahad's fortieth birthday, Frank Gravitt, the office director, fired him. Gravitt indicated in a separation letter that Majahad was being terminated because he had been rude, had used foul and derogatory language, had acted in an unprofessional manner, and had been incapable of accepting constructive criticism.

Majahad believed that this explanation was a mere pretext for the real reason for his termination—discrimination on the basis of race, sex, and age.[1] He filed a complaint with the Equal Employment Opportunity Commission, which denied his claim on September 30, 1993. Majahad then brought suit in this Court.

## II. DISCUSSION

Summary judgment is appropriate wherever "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *Woodman v. Haemonetics Corp.*, 51 F.3d 1087, 1091 (1st Cir.1995). The non-moving party, here Majahad, is entitled to all reasonable inferences that may be derived

from the evidence submitted, and the evidence must be viewed in the light most favorable to him. *Woodman,* 51 F.3d at 1091.

Majahad asserts in his complaint that he was fired because he is white, over forty, and male, in violation of the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Federal Age Discrimination and Employment Act of 1967, 29 U.S.C. § 621 *et seq.* The familiar burden-shifting test for employment discrimination cases set forth in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), and further elaborated in *Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981), and *St. Mary's Honor Ctr. v. Hicks,* 509 U.S. 502, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993), governs the Court's analysis of his claim. Under that test, the plaintiff bears the initial burden of making a prima facie showing of discrimination. In this case, Majahad would have to show: (1) that he was a member of the relevant class, (2) that he was meeting his employer's legitimate job performance expectations, (3) that he was terminated, and (4) that he was replaced. *See, e.g., LeBlanc v. Great Am. Ins. Co.,* 6 F.3d 836, 843 (1st Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1398, 128 L.Ed.2d 72 (1994). The Secretary has accepted, for the purposes of this motion, that Majahad has met his burden at this point.

After an employee has made this initial showing, "the burden shifts to the employer to articulate a legitimate nondiscriminatory reason for the employee's termination." *Lawrence v. Northrop,* 980 F.2d 66, 69 (1st Cir.1992). Here, the Secretary has pointed to the affidavits of Gravitt (Def's Ex. 3) and Francis Pagliuca[2] (Def's Ex. 4) to explain that Majahad was fired for his repeatedly improper and unprofessional behavior, as well as his inability to accept criti-

---

1. He also thought that by maintaining him on probation rather than making him a career employee, Gravitt had denied him the due process rights ordinarily afforded career government employees. This accusation, which Majahad later included as Count IV of his complaint in the instant case, was dismissed on jurisdictional grounds in an earlier opinion of the Court (Zobel, D.J.).

2. Pagliuca was Majahad's supervisor in the industrial hygiene unit of the OSHA office.

cism.[3] Those explanations clearly suffice as evidence of a nondiscriminatory motive for Majahad's termination. *Cf. Mesnick v. General Elec. Co.*, 950 F.2d 816, 820 (1st Cir. 1991) (holding employer's determination to dismiss an employee who, though technically competent, had displayed offensive behavior, to be a legitimate decision), *cert. denied,* 504 U.S. 985, 112 S.Ct. 2965, 119 L.Ed.2d 586 (1992).

After the employer has offered a legitimate reason for dismissing the employee, the initial presumption of discrimination "drops out of the picture." *St. Mary's Honor Ctr.*, 509 U.S. at ——, 113 S.Ct. at 2749. At this stage,

> to avoid summary judgment, the plaintiff must introduce sufficient evidence to support two findings: (1) that the employer's articulated reason for laying off the plaintiff is a pretext, and (2) that the true reason is discriminatory.... While the plaintiff may rely on the same evidence to prove both pretext and discrimination, the evidence must be sufficient for a reasonable factfinder to infer that the employer's decision was motivated by discriminatory animus.

*Udo v. Tomes*, 54 F.3d 9, 13 (1st Cir.1995) (citations omitted).

Majahad meets neither of the *Udo* burdens. In his opposition to the Secretary's motion, Majahad does not contest the criticisms leveled at him in his termination letter. Majahad merely asserts in his brief "that he can prove by direct and circumstantial evidence that the reason articulated by the Agency for his termination is pretextual and that the discrimination of the Agency against the Plaintiff was the real reason for the termination." He offers no specific facts, however, to show how he might seriously

substantiate that claim. Majahad attempts to make a disparate treatment argument by pointing out that the only two probationary employees ever dismissed from the office were white men over forty, whereas others who engaged in conduct similar to his own received only minimal reprimands, if anything. None of these others who allegedly engaged in similar conduct, however, were probationary employees. Whatever these co-workers may have done and gotten away with, they simply were not similarly situated to Majahad.[4]

Moreover, other uncontroverted facts belie the suggestion of pretext. Majahad was initially hired over two other applicants, a white male under forty and a black woman over forty. The Secretary also points out that the office's personnel composition was basically the same with regard to race and sex after he left and in fact included more persons over forty than before he arrived. (*See* Aff. of Robert L. Giuliano, Def's Ex. 2.) Similarly, Majahad was replaced by a white woman over forty, a fact that further undercuts his claims of race and age discrimination.

In short, Majahad has failed to proffer "specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). The Secretary's motion for summary judgment is GRANTED.

SO ORDERED.

---

**3.** Majahad has moved to strike these affidavits and others as rife with hearsay and improper opinion testimony in violation of Fed.R.Civ.P. 56(e). That motion is meritless and is denied. First, contrary to Majahad's assertions, the affidavits are almost entirely based on direct personal observations. Second, to the extent the affidavits rely on second-hand knowledge or opinions, they merely establish the reasons why these persons thought Majahad should be fired—reasons directly relevant to the case and fully admissible

at trial. As the Secretary points out, the affiants' potential testimony at trial on these matters would not be hearsay under Fed.R.Evid. 801(c) because it would not be offered to prove the truth of the matter asserted.

**4.** Compliance Officer Carlo Martin, for example, who Pagliuca concedes engaged in unprofessional conduct, had been an OSHA employee for seventeen years.